# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V., <br><br>         Plaintiff, <br><br>    vs. <br><br> WATSON LABORATORIES, INC. - (FL) et al., <br><br>         Defendants. | 3:11-cv-00481-RCJ-VPC <br><br> **ORDER** |
| FERRING B.V., <br><br>         Plaintiff, <br><br>    vs. <br><br> APOTEX, INC. et al., <br><br>         Defendants. | 3:11-cv-00485-RCJ-VPC <br><br> **ORDER** |
| FERRING B.V., <br><br>         Plaintiff, <br><br>    vs. <br><br> WATSON PHARMACEUTICALS, INC. et al., <br><br>         Defendants. | 3:11-cv-00853-RCJ-VPC <br><br> **ORDER** |
| FERRING B.V., <br><br>         Plaintiff, <br><br>    vs. <br><br> APOTEX, INC. et al., <br><br>         Defendants. | 3:11-cv-00854-RCJ-VPC <br><br> **ORDER** |

These four consolidated cases arise out of Defendants' application with the Food and Drug Administration ("FDA") to manufacture and sell generic versions of a patented drug. Pending before the Court are several Defendants' Motion to Amend Invalidity and Unenforceability Contentions (ECF No. 313), as well as Plaintiff's Motion to Amend Infringement Contentions (ECF No. 321).

I.    FACTS AND PROCEDURAL HISTORY

These cases arise out of the alleged infringement of Plaintiff Ferring B.V.'s ("Ferring") U.S. Patent No. 7,947,739 for tranexamic acid tablets sold under the trademark Lysteda® (the "'739 Patent" or "Tablet Patent"), (*see* Compl. ¶¶ 13–17, July 7, 2011, ECF No. 1; Compl. ¶¶ 9–13, July 8, 2011, ECF No. 1 in Case No. 3:11-cv-00485), and the alleged infringement of Ferring's U.S. Patent No. 8,022,106 for tranexamic acid formulations and methods of treating menorrhagia therewith (the "'106 Patent" or "Formulas and Treatment Patent"), (*see* Compl. ¶¶ 13–17, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00853; Compl. ¶¶ 9–13, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00854).[1] In the '481 and '485 Cases, respectively, Ferring sued several Watson Labs entities (collectively, "Watson Defendants") and several Apotex entities (collectively, "Apotex Defendants") in this Court for infringing the '739 Patent. In the '853 and '854 Cases, respectively, Ferring sued several Watson Defendants and several Apotex Defendants in this Court for infringing the '106 Patent.

The Court consolidated the four cases, with the '481 Case as the lead case. It also granted motions to dismiss the counterclaims for invalidity and to strike affirmative defenses for invalidity in the '481 and '854 Cases, with leave to amend. The Court ruled that affirmative defenses must specify a distinct legal theory of invalidity under Rule 8(c) but need not be pled according to the *Iqbal* plausibility standard, as the counterclaims must be under Rule 8(a).

---

[1] Unless otherwise noted, the docket numbers in this document refer to Case No. 3:11-cv-00481.

1   Watson Defendants and Apotex Defendants amended their answers and counterclaims,

2   accordingly. (*See* ECF Nos. 93, 94). Apotex Defendants later further amended its answer and

3   counterclaim. The Court has denied motions to dismiss the amended counterclaims for

4   invalidity. The Court has held a *Markman* hearing and issued a claim construction order.

## II.   LEGAL STANDARDS

Local Rules 16.1-1 to 16.1-21 contain special discovery rules applicable to patent cases under this District's Patent Pilot Program. Local Rule 16.1-6 mandates disclosure of a patent plaintiff's "Asserted Claims and Infringement Contentions" within fourteen days after the Rule 26(f) scheduling conference, and Local Rule 16.1-8 mandates disclosure of a patent defendant's "Non-infringement, Invalidity, and Unenforceability Contentions" within forty-five days thereafter. Local Rule 16.1-12 permits amendments to either of these disclosures for good cause and absent undue prejudice to the opposing party. Non-exhaustive examples of good cause are: claim constructions by the Court differing from that proposed by the party seeking amendment; recent discovery of material prior art despite earlier diligent search; and recent discovery of nonpublic information about the accused instrumentality despite earlier diligent search.

## III.   ANALYSIS

Defendants have asked to amend their invalidity and unenforceability contentions because the Court, in February 2013, construed the claims differently from the way Defendants proposed. The Court grants the motion. Plaintiff objects that the amendment is based upon prior art that Defendants have long been aware of, but the discovery of prior art of which a party was not previously aware is only one way to show good cause. Claim construction different from a party's proposal is also given as an example of good cause.

Plaintiff has likewise moved to amend its infringement contentions based upon the recent discovery of nonpublic information about the accused instrumentality. Watson Defendants object that the amendment to add a theory under the doctrine of equivalents is a completely new

1  theory of infringement.[2]  Watson Defendants argue that Plaintiff has discovered no new
2  information that would make the theory viable now in a way that it was not viable before.
3  Watson Defendants note that Plaintiff relies upon Watson's new batch records, which are of
4  course "new" because batches of the allegedly infringing product are continuously produced, but
5  which are not materially different from Defendants' old batch records, to which Plaintiff has long
6  had access, in such a way as to support good cause for bringing a new theory of infringement.
7  The Court agrees with Defendants and therefore denies the motion.

8  However, the Court tends to agree with Plaintiff that the doctrine-of-equivalents theory is
9  not a new claim that need even be added by amendment to either the Complaint or the
10 contentions.  It is simply an alternate way to prove the infringement claims that have already
11 been pled and described in the Complaint and contentions.  It is as if a Title VII defendant were
12 to argue that the plaintiff cannot argue the "cat's paw" theory to the jury because that legal theory
13 was not specifically identified in the complaint.  So long as the claim is sufficiently pled, the
14 defendant is liable to defend against the claim under any theory supporting it, unless the
15 defendant moves for and obtains partial dismissal or summary judgment as against a particular
16 theory.  Neither Rule 8(a) nor Local Rule 16.1-8 requires a plaintiff to plead every piece of case
17 law that may support the defendant's liability.  So long as the statutory or common law cause of
18 action is identified and facts are alleged making a violation plausible, a defendant requires no
19 additional notice as to the plaintiff's theory of the case.  Like the doctrine of negligence per se,
20 the doctrine of equivalents is not a separately cognizable cause of action that need be (or can be)
21 separately pled, but a legal theory that may aid a plaintiff in proving his claim.  The Court denies
22 the present motion because there is neither good cause nor need to amend.  Plaintiff may argue
23 the doctrine of equivalents without adding any new claim.

---

[2] The Apotex Defendants have apparently agreed with Ferring that each side may amend its contentions.

Page 4 of 5

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 313) is GRANTED.

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 321) is DENIED.

IT IS FURTHER ORDERED that the Motions to Seal (ECF Nos. 312, 322, 327) are GRANTED.

IT IS SO ORDERED.

Dated this 28th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge